## Brown's Estate.

*Tenants in common — Partition — Agreement of equalization—Accountability for rent received by one of the tenants—Stale claim —Evidence.*

1. Where tenants in common of real estate, deriving title by inheritance, enter into an agreement for equalization of interests in ·1907, and in 1918 the property is sold in partition proceedings to work out the equalization agreement, a claim presented against one of the tenants for rent alleged to have been received by him between 1878 and 1892, is a stale claim, which should have been adjusted when the equalization agreement was made.

2. Such a claim will not be allowed where the court below and the appellate court find that there is no evidence in the record that would furnish a safe basis for the conclusion that such rents had been received, and had not been accounted for.

*Appeals—Joint appeals—Orphans' court—Interests involved.*

3. Before a joint appeal is taken from a decree of the orphans' court, consideration should be given to the subject of the singleness of the interests involved.

Argued April 26, 1921. Appeal, No. 393, Jan. T., 1921, by D. A. Sawdey et al., from decree of O. C. Erie Co., Sept. T., 1919, No. 1, dismissing exceptions to decree of distribution, in estate of Conrad Brown, deceased. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to decree of distribution in partition proceedings. Before MCCORMICK, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions.   D. A. Sawdey et al., exceptants, appealed.

*Error assigned,* among others, was decree, quoting it.

*J. B. Cessna,* with him *Monroe Echols,* for appellant.

*Henry Baur,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 16, 1921:

As all the appeals which were before us in this proceeding have been discontinued except that of D. A. Sawdey, we are not called upon to dispose of the question whether a joint appeal will lie. We think, however, it may be timely to suggest to the Bar of the State, that before joint appeals are taken, careful consideration should be given to the subject of the singleness of the interests.

This proceeding was for partition in the orphans' court. While the record is a somewhat complicated one, our study of it has reduced the matters with which we have to deal to their simplicities.

Conrad Brown died in 1869 seized inter alia of the land sought to be parted. In 1884, his heirs to whom it had descended, conveyed to William C. Culbertson, in trust to sell, pay debts and reconvey whatever might remain after liquidation. Culbertson died before making a reconveyance, and in a proceeding brought by the heirs of Brown, against the Culbertson heirs, it was ordered that the property be sold. The trustee appointed sold a portion of the property and paid all the debts of the Brown estate. In the meantime, Mary L. Brown, one of the heirs of Conrad Brown, had died, and in 1907 an agreement for adjustment of interests, and an equal distribution of the Conrad Brown property and the estate of Mary L. Brown was entered into by all the parties concerned. In this agreement it is recited that Matthew M. Brown and certain others of the parties had received more from the estate of Conrad Brown than some of the rest of those interested and that they were to receive no more until all were equalized.

The agreement for equalization of interests was attempted to be worked out in the partition proceeding

which we are now considering. This proceeding resulted in the sale of the property by a trustee, appointed for that purpose, and, on distribution of the fund thus raised, the court adjusted the various claims, as between the different parties in interest; and from that adjudication, and the consequent decree of distribution, this appeal is taken.

The main dispute is over a claim that Matthew M. Brown, one of the heirs of Conrad Brown, should be charged with the sum of $5,000 for rent of certain properties, which he is alleged to have received between 1878 and 1892. This is a very stale claim, and if it was to be asserted, should have been reduced to certainty long ago, when recollections were fresh, and parties familiar with the transactions were living. Certain it is that it should have been put into definite shape at least not later than when the equalization agreement was entered into. We agree with the conclusion of the court below, that there is no evidence in the record, which we have carefully read, that would furnish a safe basis for the conclusion that rents from the properties had been received by Matthew M. Brown and are unaccounted for. What has been said as to this matter, is also true as to certain other errors, alleged to have been committed by the court below in the distribution made by it,—there is no satisfactory evidence in the record to show the court was wrong.

Our most painstaking examination of the case has convinced us that the disposition of the fund made by the court below was equitable and just.

The assignments of error covering claims for interest were withdrawn at bar; all of the others are overruled.

Decree affirmed at appellant's cost.